Smith, J.
This case comes into this court on appeal from tbe judgment and decree of tbe court of common pleas.
Tbe petition of tbe plaintiff, filed November 1,1892, avers that at tbe February term of the Superior Court, of Cincinnati, 1887, he recovered a judgment against the defendant Edward S. Herancourt for $1,698 and costs, which thus became a lien on tlie interest of said defendant in the real estate afterwards described, which judgment is in full force and unsatisfied. That on the *421 thirteenth day of January, 1890, said defendant being the owner of the undivided 1-10 of said real estate, and exceptjfor said property, being unable to pay his debts,with intent to hinder, delay and defraud his creditors, and with intent to prevent the enforcement of the lien of the plaintiff thereon, did convey the said real estate (describing it) to the defendant, Barbara Herancourt, for the colorable consideration of $1,500.00, but without any actual consideration whatever. That said Barbara Herancourt and John Hauck claim some interest in said undivided 1-10 of said real estate, ^and it is prayed that they be required to set up their interest, if any they have; that said conveyance be declared void as against the lieii of the plaintiff, and that the interest óf said E. S. Herancourt in said property may be subjected to the payment of plaintiff’s judgment, and for all other and proper relief.
The first tract described in the petition is a parcel of land on Vine street. There were other parcels of land in or near to the city described therein.
To this petition. E S. and Barbara Herancourt filed a joint answer, denying each and every allegation thereof, and the guardian of John Hauck, insane, filed an answer, averring that Hauck is the owner in fee-simple of the tract first described in the petition, and denying each and every other allegation thereof; and he asks to have his title thereto quieted.
It will be seen from the foregoing abstract of the pleadings, that the issues raised were, whether the plaintiff had recovered a judgment against E. S. Herancourt at February term, 1887, which became a lien on the interest of Heram •court in the lands described, and whether the latter had with the intent stated conveyed his interest therein to Barbara Herancourt, his mother, without consideration; and whether his interest in said land, if he had any interest therein, should be subjected to the payment of the judgment recovered against him.
*422 At the trial in this court the recovery of the judgment was not disputed. It was also admitted by all of the parties, that at the time of his death, George M. Herancourt was the owner in fee-simple of all of the real estate in the petition described, and that he left a will, dated May 24, 1880, which was afterwards duly admitted to probate and record, by which he devises as follows:
Item first: — I hereby give, devise and bequeath to my beloved wife, Barbara Herancourt, all my estate and property of whatever description, real as well as personal, to have and to hold the same and the use and income thereof, for and during her natural life; at the same time give her full authority and power, to sell convey, lease, mortgage or otherwise dispose of any or all real estate and property as she may deem best, and to re-invest the proceeds thereof at her discretion, after the payment of my just debts.
Item second: — Upon the death of my said wife, all my property and estate with any increase or income therefrom is to be divided into ten equal parts, of which the following persons are to receive, have and hold forever, each one part, to-wit: (He here names his nine living children, of whom Edward and George Herancourt are two, and the three children of another child, Christina,each of whom is to take one-third of one-tenth). And it is further provided that in case any of the legatees or devisees herein named shall die without issue of their body, then and in that case I give, devise' and bequeath such interest or share to the remaining legatees or devisees herein named, and such interest or share shall revert to, and vest in the surviving legatees or devisees, the children of Christina to take one-tenth thereof.
By item third he desires his wife to educate his children and provide for them until they are able to support themselves, and should my wife deem it expedient, and be willing during her life-time to make an advancement to any of the devisees or legatees named in this will,she is hereby authorized to do so to an amount not exceeding the distributive share of such devisee or legatee under this will, which ad *423 vancement with the interest from the time it is made,shall be deducted from the part or share of such devisee or legatee upon the final distribution of the estate. Mrs. Herancourt was appointed executrix of this will without bond, and qualified as such.
It further appears that on the 27th of April, 1885. Mrs. Herancourt executed a deed to John Hauck, thereby by its terms, conveying to him in fee-simple the tract on Vine street, first described in the petition, with the expressed consideration of $30,000.00, and on May 1, 1885, said Hauck executed to Barbara Herancourt a lease on the same premises at an annual rental of $1,000.00, with a privilege of purchasing the same during the term for $20,000.00.
The circumstances surrounding the transaction were these: Mr. Hauck had become the surety for George Herancourt, one of those legatees or devisees, who was a cousin of his, and had paid much more than $20,000.00 on his account. To reimburse him in part, Mrs. Herancourt, with the consent of the defendant E. S. Herancourt, and probably of that of the other parties in interest, had conveyed this and their personal property to Hauck, to save the credit of the family. This was several years before the recovery of the judgment of Moore v. Herancourt, and so far as appears before the debt to him accrued.
It is the claim of the plaintiff that the interest in the. real estate devised by the will of Mr. Herancourt was a vested, interest, and consequently that on the rendition of the judgment in favor of Moore against E. S. Herancourt. it became a lien on all of his interest in the real estate devised to him by his father. We are of the opinion that the interest so devised was a vested interest; but it seems clear to us, that any interest he may have taken in the land "was subject to be divested, either by the exercise of the power to sell said real estate, which was conferred by the will upon Barbara Herancourt, or on the contingency that in the event of the *424 death of any one of the devisees without issue of his body, then his or Ucr share should go to the surviving legatees or devisees. That such was the case in the event that the widow should exercise the power of sale given to her, and that even when a judgment had been recovered against one of the devisees prior to the conveyance by her, that the interest of the devisee would be conveyed free of the judgment lien, we think is held in Smith v. Anderson, 31 Ohio St. 144, and in such case the interest of the devisee would be in the proceeds of the sale. The obtaining of the judgment could in no way interfere with the power of sale conferred.
But how does the case stand as to the tract first described in the petition? Before the debt of plaintiff accrued against E. S. Heraneourt, and three years before the rendition of his judgment, the widow had exercised the power given to her by the will of her husband, and had sold and conveyed it to John Hauck. The judgment then never became a lien on this tract. If that conveyance had been fraudulent or in violation of the terms of the will, we suppose it might have been held invalid in a suit brought by a party in interest to avoid it, or it may be that a creditor of one of the devisees, whose claim then existed, might do so. But if there was no such creditor at that time, and the devisee himself consented to the transaction, 'as was done by E. S. Heraneourt in this .case,who has any right to complain? Certainly not a creditor whose right subsequently accrued.
But in this case no attack is made on the conveyance to Hauck. No allusion is made to it in the petition, and so far as this case stands, Hauck at the time of the rendition of the judgment and till this time is the owner of this first tract. What is complained of is, that some years after the conveyance to Hauck, and after the rendition of the judgment on January 18, 1890, E. S. Heraneourt released all of his interest in this tract and others to his mother, to defraud *425 'his creditors and to defeat the lien of plaintiff's judgment ■thereon. So far as this claim is concerned, it may be said that at the date of this last conveyance E.S. Herancourt had no interest in the first tract; Hauck was the owner of it,and the plaintiff had no lien upon it. As to Hauck, then, the ■petition should be dismissed.
As to the other tracts, we suppose that the judgment of plaintiff became a lien on whatever interest E. S. Heran-court had in them, and that unless Mrs. Herancourt exer-cised the authority to dispose of them,given by the will, and Herancourt survived his mother, he would have a vested estate therein, subject to be divested, however, on his dying without issue, of his body. And we incline to the opinion that on a creditor’s bill to enforce this judgment any interest which Herancourt might have in the land, could be appropriated to the payment of the judgment.
But in this case there are other matters which have to be -taken into the account. By the will of Mr. Herancourt, his widow was authorized to advance to any of his devisees, an amount ‘"not exceeding the distributive share of such devisee under the will which, with interest from the time it was made,shall be deducted from the part or share of such devisee or legatee upon the final distribution of the estate.” It is shown by the evidence that she did.under this provision, make the following advancements to E. S. Herancourt, viz: $1,500, June 6, 1882; $1,000, May 1, 1885, and $1,600, May 8, 1885, in all $4,100. These sums bear interest from •said dates. These advancements were made long before the •debt to plaintiff accrued, and must with the interest thereon be set off against his share on final distribution. ■ In addition to these sums, there were other advancements made to all of the legatees and devisees, in perhaps equal amounts, as to which we understand there is no controversy here.
How, then, in view of these facts, does this case stand? The widow, Barbara Herancourt, undoubtedly has her life *426 estate in the whole property. Nothing has been done which in any way affects this, and she can not be deprived of it. She still retains the power given to her by the will to sell the whole or any part of the other tracts of land described in the petition, and re-invest the proceeds for the benefit of the trust. The deed of 1890 made to her by E. B. Herancourt, whether fraudulent in fact or in law, as being without consideration, or whether made in good faith and for a sufficient consideration, did not in any way affect the existing lien of the plaintiff on the land, by virtue of the judgment. As we have said, this lien might be rendered inoperative in other ways, as by the exercise of the power of sale by the widow, or by E. S. Herancourt dying without issue cf his body; but it could not be done by a conveyance by Herancourt himself of his contingent vested interest therein, after the lien had attached.
And as we have held, his interest was also subject to any advancement heretofore, made to him, but not as we think to any that may hereafter be made. It is evident, however, that it can not now be known, what the real interest of E. S. Herancourt in the estate of his father is, nor can it be-known until the death of Mrs. Hernacourt and the final settlement of the estate. And even if he survives his mother,and it is then ascertained what his one-tenth would be, deducting advancements, it is wholly uncertain whether he would have more than a life estate therein, for if he should die without issue of his body, the whole of such interest would pass to the surviving legatees or devisees under the will of his father.
We suppose, then, that while it may be within the power' of the court in a case of this kind, to order the sale of whatever interests Herancourt may have in this land, subject to the life estate ,of his mother, her power to sell the same, and to the advancements already made to him, and to the contingency of his having only a life estate therein, yet it would seem *427 a vain and useless tiling to do in this case, as it is not likely that any one would purchase so uncertain an interest. Or we suppose this court might by its decree place the plaintiff, in so far as his judgment is concerned,in the shoes of Herancourt, and by decree provide that on the final settlement of the estate, and the ascertainment of the amount that would be coming to Herancourt,that it should not be paid to him, but that the income thereon for his life be paid to the plaintiff on account of his judgment, and if on his death it appears that Herancourt was the absolute owner of such share, that so much thereof as may be necessary be applied to the satisfaction of such judgment.
Goebel .& Betlhujer. and Jas. Moore, attorneys for plaintiff.
C. H. Phares, for John Hauck.
Gorman & Thompson, for other defendants.
We express this view for the information of counsel, with out knowing the amount of the estate or whether any such-relief would be deemed of any value.